NICHOLAS GATHOFF ET AL *v.* PAT. FORD.

**Ordinance—Street Improvement.**

An ordinance providing for street improvement "in accordance with specifications to be furnished by the city engineer, etc.," and which may be "altered or modified by him," is held to be void.

**Same—City Council.**

The city council cannot by an ordinance delegate to its city engineer, power to fix a grade for street improvement, determine what material shall be used, how much of a street shall be improved etc.

January 23, 1869.

APPEAL FROM LOUISVILLE CHANCERY COURT.

OPINION OF THE COURT BY JUDGE PETERS:

In August, 1868, the General Council of the City of Louisville passed an ordinance as follows:

Be it ordained by the general council of the city of Louisville, that Fourteenth street from the south side of Madison street to the north side of Chestnut street, be graded, paved, curbed, and macadamized at the cost of the owners of the property bounding thereon. Said work to be done subject to the supervision, and control, of the city engineer, and in accordance with the specifications to be furnished by him, which specifications may be altered, or modified, by said engineer as in his judgment may seem most conducive to the public interest, the right being reserved for said engineer to suspend the execution of the work, from time to time for causes satisfactory to himself.

Improvements having been made on the street fronted by appellants' property, under and by virtue of said ordinance and they having failed to pay the several sums the estimated costs thereof, an action was brought to subject their property to the payment thereof by the contractor; to the petition appellants demurred, and also filed an answer; their demurrer was over-ruled, and a demurrer to their answer having been sustained, they failing to answer further, judgment was rendered against them for the sums

assessed against them by the engineer, with interest from the 24th of July, 1867, till paid, with costs, and they have appealed.

It is proper to state that the contract made by the engineer with appellee conforms to the ordinance.

In the case of *Hydes & Goose vs. Norwood, etc., 4 Bush,* this court said in commenting on a similar ordinance of the general council of said city and a contract made in conformity thereto: To ordain generally, that a street, or square, should be graded and paved, or so much thereof as the engineer might direct *'and according to specifications to be furnished by him,* is simply to delegate to him the power to fix the grade, determine what materials should be used for the improvement, and how much of the street should be thus improved, and is not the determination of the council, as to any of these things; but rather a general and unlimited letter of attorney to the engineer to have so much of a square or street as he may deem proper improved in a manner to his own liking.

And to allow such an ordinance to bind the property-holder is to destroy all the safeguards thrown around him by law.

And the judgment of the court below dismissing the petition in that case against the property owners was approved by this court.

The ordinance and contract sought to be enforced in this case are obnoxious to the same objections that were deemed fatal in the case above referred to and for the same reasons.

Wherefore, the judgment is *reversed,* Judge Robertson non concurring, and the cause remanded, with directions to sustain the demurrer to the petition, and for further proceedings consitsent herewith.

*Worthington, for appellant.*

*J. G. Wilson, for appellee.*